(Reap. Dec. 10430)

GITKIN CO. *v.* UNITED STATES

Entry Nos. 15081; 18811; 6698.

(Decided January 16, 1963)

*Barnes, Richardson & Colburn* for the plaintiff.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That the merchandise and the issues involved in the appeals for reappraisement enumerated in Schedule "A," attached hereto and made a part hereof are the same in all material respects as those involved in *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

2. That at the dates of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely offered for exportation

to the United States to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoiced ex-factory unit values, net, packed; and that on or about the said dates of exportation, such or similar merchandise was not freely offered to all purchasers for home consumption in the country of exportation.

3. That the involved merchandise was entered, or withdrawn from warehouse, for consumption, before the effective date of the Customs Simplification Act of 1956 (T.D. 54521).

4. That the appeals enumerated in Schedule "A" may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts and consistent with the cited decision on the law, I find that the proper basis for appraisement of the merchandise in question is statutory export value and hold that such value therefor is the invoiced ex-factory unit values, net, packed.

Judgment will be rendered accordingly.